ELLIS, Judge:
This proceeding is brought under Articles 4750-4759 of the Code of Civil Procedure, to have certain bonds issued by the governing body of Industrial District No. 1 of the Parish of Washington, State of Louisiana, declared to constitute valid and legal obligations of the District, and to have all proceedings taken in connection with the issuance of the bonds, and the lease agreement securing same, declared legal, valid and binding. An answer was filed by Albert G. Branch, a taxpayer of the industrial district, a stipulation of fact entered into by the parties hereto, and the matter submitted for determination by the trial court. For written reasons assigned, judgment was rendered as prayed for. From that judgment, the defendant has appealed to this court.
Industrial District No. 1 of the Parish of Washington, State of Louisiana, was created by the Police Jury of Washington Parish on October 11, 1972, pursuant to the provisions of Article XIV, Section 14(b.2) and R.S. 33:130.31. On the same day, the Police Jury, acting as the governing body of the Industrial District No. 1, authorized the execution of a lease agreement with Crown Zellerbach Corporation which provided for the acquisition by the District of a certain water pollution control facility for the treatment of industrial effluents from Crown Zellerbach’s mill in Bogalusa; the lease of that facility to Crown Zellerbach; and the issuance of $4,400,000.00 of industrial pollution control revenue bonds of the District to finance same, said bonds to be redeemed solely from amounts paid to the District by Crown Zellerbach under the said lease. The lease was approved by the Board of Commerce and Industry on October 16, 1972, and by the State Bond and Tax Board on November 1, 1972. Subsequently, it was executed by the District and Crown Zeller-bach.
Thereafter, by resolution adopted November 8, 1972, the District authorized and provided for the issuance of the said bonds without the calling or holding of any election to authorize same. The same resolution provided for the sale of the said bonds at private sale and for the interest at a rate not to exceed 8% per annum, all in accordance with the provisions of R.S. 39:991-1001.
We must determine if the bonds constitute legal, valid and binding obligations of the *599 District. More directly, we must determine the constitutionality of R.S. 39:991 — 1001, since the proceedings followed in connection with the issuance of the bonds is entirely in accordance with the provisions thereof, as amended by Act 433 of 1972.
R.S. 39 :991 — 1001 were originally enacted by Act 520 of 1964, and purported to provide a new procedure, in addition to those provided by the constitution and laws of this state, for the issuance of revenue bonds by industrial districts. On November 8, 1966, the voters of this state adopted Article XIV, § 14(b.3), which provides as follows:
“To validate and thereby improve the marketability of industrial revenue bonds now authorized by law and without in any way depriving the Legislature of its right to amend R.S. 39:991 to R.S. 39:1001, inclusive, said law is hereby approved, ratified and made a part hereof, and given full effect as a constitutional enactment, it being hereby found and declared that the purposes designed to be accomplished under the provisions of said law are public and proper legal purposes and will be of public benefit to the municipal corporation, parish, taxing district or other political subdivision as the case may be. The legality and validity of any industrial revenue bonds heretofore issued pursuant to said law or for which the initial proceedings required thereby have been adopted prior to the effective date of this amendment are hereby ratified and confirmed.”
R.S. 39:991-1001, as ratified and made part of the Constitution, provided for a taxpayer election to approve the issuance of the bonds, and for the sale thereof at public sale.
By Act 433 of 1972, R.S. 39:991-1001 were amended to dispense with the necessity of an election, and to provide for the private sale of the bonds. As pointed out above, the bond issue involved herein is in accordance with the 1972 amendment.
It is clear that the Constitution can be amended only by the method prescribed in Article XXI thereof. Therefore, the reservation to the Legislature to amend R.S. 39:991-1001 is not, and cannot be, a grant of authority to amend the Constitution. Since those sections of the Revised Statutes were made part of the Constitution in 1966, by Article XIV, § 14(b.3), they can only be amended as provided in Article XXI. We conclude that despite the language to the contrary in Article XIV, § 14(b.3), the Legislature is without authority to amend R.S. 39:991 — 1001 in any manner inconsistent with the provisions thereof as adopted into the Constitution. The provision reserving the right to amend to the Legislature is without effect. State v. Kohnke, 109 La. 838, 33 So. 793 (1903).
We therefore hold that Act 433 of 1972 is unconstitutional, and that the bonds issued herein, pursuant to the provisions thereof, are not valid, legal and binding obligations of the District.
We further point out that, even if Act 433 of 1972 had any validity as a statutory enactment, it is an attempt to legislate in an area already pre-empted by the Constitution. Article XIV, § 14(b.2) is the basic authority for the creation of industrial districts, and the incurring of bonded indebtedness thereby, and is self-operative. Many of the provisions of Act 433 of 1972 conflict therewith. Absent the constitutional provision, we think the Legislature has the authority to legislate in this field. However, it is fundamental in constitutional interpretation that “where the means for the exercise of the granted power are expressly given and the mode of its exercise is described, such a mode is exclusive of all others.” Ladnier v. Mollere, 230 La. 784, 89 So.2d 301 (1956).
We are of the opinion that the District might properly incur debt and issue bonds under the provisions of Article XIV, § 14 (b.2), or under the provisions of § 14(b.3), which incorporates the procedures authorized by R.S. 39:991-1001 as they existed on *600 November 8, 1966. However, any attempt to do so under Act 433 of 1972 is violative of the Constitution.
The judgment appealed from is therefore reversed, and there will be judgment declaring invalid the Lease agreement and the bonds issued or to be issued by Industrial District of the Parish of Washington, State of Louisiana. All costs are to be paid by plaintiff, to the extent for which it may be liable under the law.
Reversed and rendered.